RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE   9 / 10 / 14
         JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL ANTHONY WILLIS | DOCKET NO. 14-CV-883; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| TIM KEITH, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Michael Anthony Willis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 25, 2014 [Doc. #1]. Plaintiff is being detained at the Natchitoches Parish Jail. He complains that he was subjected to excessive force at the time of his arrest, and he complains about the medical care that he has received. He names as defendants the State of Louisiana, Roger Henson, Layne Lacaze, Ronnie Ross, Thomas Freeman, Charlene Huffman and Willie Mae Clark.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff filed a complaint [Doc. #1] and supplemental complaint [Doc. #11, captioned "Affidavit"] in support of his complaint. He alleges that on February 13, 2014, he was rear-ended by another vehicle. He was temporarily unconscious, but remembers an officer reaching for Plaintiff's pocket and asking where the drugs were. Plaintiff responded that he had no drugs. Defendants Layne Lacaze, Ronnie Ross, Roger Henson, and Thomas Freeman removed

Plaintiff from his vehicle, held Plaintiff down, and kicked and punched Plaintiff.  He alleges that he "blacked out," but then felt a sharp kick and a tazer device was deployed striking Plaintiff in the stomach.  Plaintiff alleges that he suffered a broken tooth, rib pain, jaw pain, knee pain, abdominal pain, groin pain, hearing loss, eye pain, back pain and has trouble using the bathroom, all as a result of the incident.

Plaintiff sought medical care, but was only provided with ibuprofen.  Nurse Clark and Nurse Huffman refused to send him to the doctor, and they continue to ignore his complaints.

Plaintiff was charged with DWI, careless operation, and public intimidation.  Plaintiff asks that he be compensated for excessive force, and he asks that all charges be dropped.  He also states that he is in need of an MRI and x-ray.

*Law and Analysis*

Plaintiff requests that charges be dropped. However, such relief is not available by way of a §1983 action.  Where an inmate seeks injunctive relief challenging the fact of his confinement, §1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements.  See Nelson v. Campbell, 541 U.S. 637, 643 (2004); Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Such claims are within the "core of habeas corpus" and are thus not cognizable when brought pursuant to §1983. See Preiser, 411 U.S. at 489.

2

Additionally, Plaintiff names the State of Louisiana as a defendant. However, under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal court by her own citizens. See Edelman v. Jordan, 415 U.S. 651, at 659, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

Finally, Plaintiff names the Natchitoches Parish Sheriff's Department as a defendant. The Sheriff's Department is not a legal entity capable of being sued. See, e.g., Valentine v. Bonneville Ins. Co., 691 So.2d 665, 668 (La. 1997)("The law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff.").

### *Conclusion*

Fore the foregoing reasons, **IT IS RECOMMENDED that, pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A**, Plaintiff's claim seeking dismissal of criminal charges be dismissed since such relief is not available in a §1983 action; that the State of Louisiana be dismissed as immune; that the Sheriff's Office be dismissed as it is not an entity capable of being sued; and that the medical care and excessive force claims proceed against the remaining defendants.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 9th day of September, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE