RECEIVED

NOV 1 9 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT                a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MICHAEL ANTHONY WILLIS          DOCKET NO. 14-CV-883; SEC. P

VERSUS                          JUDGE DEE D. DRELL

TIM KEITH, ET AL.               MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

Pro se Plaintiff Michael Anthony Willis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 25, 2014 [Doc. #1].  Plaintiff was being detained at the Natchitoches Parish Jail.  He complained that he was subjected to excessive force at the time of his arrest, and he complained about the medical care that he received.  He named as defendants the State of Louisiana, Roger Henson, Layne Lacaze, Ronnie Ross, Thomas Freeman, Charlene Huffman and Willie Mae Clark. On October 28, 2014, the State of Louisiana and Natchitoches Parish Sheriff's Department were dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.  [Doc. #14]  It was ordered that the claims proceed against the remaining defendants.

On September 10, 2014, a Report and Recommendation was issued by the undersigned, which was returned to the Clerk as undeliverable.  Likewise, the judgment of the court dated October 28, 2014, was returned to sender. Local Rule 41.3 for the Western District of Louisiana provides that "[t]he failure of an attorney **or pro se litigant** to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when

a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." (Emphasis added.)  More than thirty days have passed since the Report and Recommendation was returned to the clerk of court, and Plaintiff has failed to provide the Court with an updated, accurate mailing address.

THEREFORE, **IT IS RECOMMENDED** that Petitioner's complaint, insofar as it contained some remaining claims and defendants, be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 41.3 of the Local Rules for the Western District of Louisiana for failing to keep the court apprised of an address change.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), **the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,

CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 19th day of November, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE